UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| **CASSANDRA YOUNG,** )<br>)<br>Plaintiff )<br>)<br>)<br>v. )<br>)<br>**STARBUCKS CORPORATION,** )<br>)<br>)<br>Defendant ) | Docket No. 19-CV- |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**NOW COMES** Plaintiff, Cassandra Young, by and through counsel, Sarah A. Churchill, Esq., and complains against Defendant as follows:

**PARTIES**

1. Plaintiff, Cassandra Young, is currently a resident of Oregon.

2. Defendant, Starbucks Corporation is a Corporation formed under the laws of the State of Washington and is doing business in the State of Maine.

**JURISDICTION**

3. The Court has original jurisdiction under 28 U.S.C. §1331.

4. The Court has concurrent jurisdiction over Plaintiff's state law claims.

**VENUE**

1

5. Venue is proper in this Court pursuant to 28 U.S.C. §1391 because all of the events giving rise to Plaintiff's Claims occurred in this District.

## STATEMENT OF FACTS

6. Plaintiff began working for Defendant in June of 2015.

7. Plaintiff worked for Defendant at a location in Topsham, Maine at all times relevant to this complaint.

8. As of July of 2017 Plaintiff's job title was Barista.

9. Plaintiff also had some unofficial supervisory duties such as counting tips; making a bank run and dividing the tips among the other workers; organizing moral boosters for co-workers and working on signage.

10. In July of 2017 Ashley Ambrose transferred to the Topsham, Maine location of Defendant where Plaintiff was working.

11. Ms. Ambrose exhibited difficult behavior from the beginning of her time at the Topsham location.

12. Ms. Ambrose's behaviors included was using her cell phone on the floor in violation of company policy; being rude to customers; and being rude and unpleasant to co-worker.

13. Plaintiff reported these behaviors to her supervisor Matthew Hilton.

14. Plaintiff was led to believe that Ms. Ambrose's behavior would be addressed in some manner.

15. Ms. Ambrose's behavior did not get better after Plaintiff lodged complaints – it got worse.

16. Plaintiff disclosed to Defendant that she was pregnancy in January or February of 2017.

17. Ms. Ambrose was aware of Plaintiff's pregnancy and would make inappropriate comments about Plaintiff's medical condition.

18. Ms. Ambrose's comments included saying things like I was the size of two people but did the work of none and that people who are pregnant shouldn't work; and she accused me of playing the pregnancy card.

19. Plaintiff went out on maternity leave September 10 ,2017 and came back from maternity leave in January of 2018.

20. Plaintiff returned to find that Ms. Ambrose had been promoted to shift supervisor.

21. Due to scheduling Ms. Ambrose and Plaintiff worked together often.

22. Ms. Ambrose continued to make rude offensive comments and Plaintiff would tell her when she did not approve of Ms. Ambrose's behavior.

23. Ms. Ambrose would vape inside the store which was against company policy and poses a safety risk to the other employees.

24. Ms. Ambrose made comments to Plaintiff when she returned from leave that the end of my pregnancy was really hard on everyone at Starbucks.

25. Additionally, Ms. Ambrose made racist comments comparing the color of the coffee urns to the color of people that our government was trying to deport.

26. Plaintiff complained to Mr. Hilton about these issues.

27. In total Plaintiff complained to Mr. Hilton 6 times about Ms. Ambrose's behavior and nothing was done to address it.

28. As a result Plaintiff called the employee ethics hotline to report these behaviors and spoke to the District Manager about these issues.

29. At this point Plaintiff also indicated she was not comfortable working with Mr. Hilton due to his lack of action to address these problems.

30. Plaintiff never got follow up from these complaints or a resolution to these complaints and as far as Plaintiff knows no investigation was actually conducted or discipline was handed down.

31. On March 20, 2018Plaintifff was working at the Starbucks store and on a break when she received a call from Courtney Cheevers.

32. Ms. Cheevers, an employee of Defendant, indicated Plaintiff would be disciplined if she refused to come in for a shift when Mr. Hilton was working.

33. At that point in time Plaintiff felt that she could no longer function as an employee in this environment and that she was being targeted.

34. Plaintiff resigned from my position with Starbucks as a result of the incidents described above.

35. Plaintiff believes that she was being retaliated against for the complaints that she had made about Ms. Ambrose and about Mr. Hilton's lack of response to Plaintiff's complaints.

36. Plaintiff believes that Ms. Ambrose treated her with distain due, in part, to the fact that I was pregnant.

37. Plaintiff filed a complaint about this matter with the Maine Human Rights Commission and the Equal Opportunity Employment Commission.

## Count 1

**Maine Human Rights Act: Disability Discrimination**

38. Plaintiff realleges and incorporates by reference the allegations set forth in the paragraphs above.

39. Plaintiff was a member of a protected class in that he had a disability.

40. Plaintiff suffered from pneumonia and is deaf in one ear which affected his ability to complete activities of daily living.

41. Defendant was on notice about Plaintiff's disability.

42. Plaintiff was able to perform the essential functions of his position.

43. Plaintiff made clear to Defendant that he required reasonable accommodations in his job for his disability.

44. Defendant refused to give Plaintiff a reasonable accommodation.

45. Defendant terminated Plaintiff because of his disability.

46. Plaintiff's disability was the motivating factor behind his termination.

47. Plaintiff's disability was the motivating factor behind Defendant's continued maltreatment of plaintiff during the separation from employment process.

48. As a result of the discriminatory treatment, Plaintiff suffered damages.

49. Defendant acted with malice and reckless indifference to Plaintiff's protected civil rights. Defendant was motivated by discriminatory intent.

50. Defendant discriminated against plaintiff in violation of the Maine Human Rights Act, 5 M.R.S.A. § 4572.

51. Plaintiff has fully complied with the procedural requirements of 5 M.R.S.A. §4622(1)(A).

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court grant judgment in favor of Plaintiff and against Defendant, and award Plaintiff the following relief:

a. Declare Defendant's actions unlawful;

b. Award Plaintiff damages;

c. Award Plaintiff reasonable attorney's fees, costs, and interest;

d. Order Defendant to reinstate Plaintiff or, in lieu, of reinstatement order back and front pay;

e. Award all allowable penalties, nominal and statutory damages; and

f. Such further relief as the Court deems proper and just.

## Count 2

### Disability Discrimination - 42 U.S.C. §12112

52. Plaintiff herein repeats, realleges and incorporates each and every allegation and averment contained in foregoing paragraphs as if fully set forth herein.

53. The Americans with Disabilities Act ("ADA") prohibits discrimination on the basis of a disability in regard to hiring, advancement, termination and the general conditions and privileges of employment.

54. Plaintiff is a person with a disability within the meaning of ADA due to his diagnosis of pneumonia and/or hearing loss, which affected one or more of his major life activities

55. Defendant is an employer subjected to the ADA.

56. Defendant was on notice about Plaintiff's disability.

57. Defendant did not accommodate Plaintiff's disability.

58. Defendant treated Plaintiff differently in the termination from and terms and conditions of his employment on the basis of his disability.

59. As a result of Defendant's violation of the ADA, Plaintiff suffered injury and damages and is entitled to relief.

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court grant judgment in favor of Plaintiff and against Defendant, and award Plaintiff the following relief:

   a. Declare Defendant's actions unlawful;

   b. Award Plaintiff damages;

   c. Award Plaintiff reasonable attorney's fees, costs, and interest;

   d. Order Defendant to reinstate Plaintiff or, in lieu, of reinstatement order back and front pay;

   e. Award all allowable penalties, nominal and statutory damages; and

   f. Such further relief as the Court deems proper and just.

## Count 3

### Maine Human Rights Act Gender Discrimination

60. Plaintiff realleges and incorporates by reference the allegations set forth in the paragraphs above.

61. Plaintiff is a member of a protected class.

62. The treatment of Plaintiff as part of her employment by Defendant was based on gender.

63. That harassment created an intimidating, hostile, and offensive working environment. A reasonable person in plaintiff's position would have found the discriminatory environment to be hostile and abusive and Plaintiff experienced it as such.

64. Plaintiff experienced harassment that was sufficiently severe or pervasive as to alter the conditions of her employment and create an abusive work environment.

65. Although Plaintiff complained of her treatment on the basis of her pregnancy directly to the management, the behavior failed to change.

66. Plaintiff reported the harassment to persons employed in managerial capacities who were acting within the scope of their employment.

67. Defendant failed to take any effective remedial action.

68. Defendant knew and should have known of the behavior described in the above referenced paragraphs.

69. As a result of the discriminatory treatment, Plaintiff suffered damages.

70. Defendant acted with malice and reckless indifference to Plaintiff's protected civil rights. Defendant was motivated by discriminatory intent.

71. Defendant discriminated against plaintiff in violation of the Maine Human Rights Act, 5 M.R.S.A. § 4572.

71. Plaintiff has fully complied with the procedural requirements of 5 M.R.S.A. §4622(1)(A).

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court grant judgment in favor of Plaintiff and against Defendant, and award Plaintiff the following relief:

a. Declare Defendant's actions unlawful;

b. Award Plaintiff damages;

c. Award Plaintiff reasonable attorney's fees, costs, and interest;

d. Order Defendant to reinstate Plaintiff or, in lieu, of reinstatement order back and front pay;

e. Award all allowable penalties, nominal and statutory damages; and

f. Such further relief as the Court deems proper and just.

### Count 4

### VIOLATION OF 26 M.R.S.A. §831 et seq.

72. Plaintiff herein repeats, realleges and incorporates each and every allegation and averment contained in foregoing paragraphs as if fully set forth herein.

73. Plaintiff at all material times was an "employee", and Defendant an "employer" under the Whistleblower Protection Act.

74. Plaintiff made a legally protected whistleblower report, or reports, in good faith of what he reasonably believed were violations of law or rules of the State of Maine and/or the United States or a condition or practice that would put at risk the health or safety of that employee or any other individual.

75. Plaintiff's legally protected Whistleblower report or reports were the substantial or motivating factor in Defendant's decision to discharge Plaintiff from employment.

76. Plaintiff has fully complied with the procedural requirements of 5 M.R.S.A. §4622(1)(A).

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court grant judgment in favor of Plaintiff and against Defendant, and award Plaintiff the following relief:

    a.    Declare Defendant's actions unlawful;

    b.    Award Plaintiff damages;

    c.    Award Plaintiff reasonable attorney's fees, costs, and interest;

    d.    Order Defendant to reinstate Plaintiff or, in lieu, of reinstatement order back and front pay;

    e.    Award all allowable penalties, nominal and statutory damages; and

    f.    Such further relief as the Court deems proper and just.

## Count 5

### Retaliation - 42 U.S.C. §2000e-3

77. Plaintiff herein repeats, realleges and incorporates each and every allegation and averment contained in foregoing paragraphs as if fully set forth herein.

78. Plaintiff was unlawfully discriminated against after she reported conduct to be unlawful discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, as well as, following participation in related complaints through the EEO Process.

79. Plaintiff had no performance blemishes on record.

80. Because Plaintiff reported conduct that she reasonably believed to be unlawful employment discrimination in violation of Title VII of the

>Civil Rights Act of 1964, as amended, as well as participated in related investigations.

81. Plaintiff has complied with the requirements of 42 U.S.C. §2000e-5.

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court grant judgment in favor of Plaintiff and against Defendant, and award Plaintiff the following relief:

>a. Declare Defendant's actions unlawful;
>
>b. Award Plaintiff damages;
>
>c. Award Plaintiff reasonable attorney's fees, costs, and interest;
>
>d. Award all allowable penalties, nominal and statutory damages;

and

>e. Such further relief as the Court deems proper and just.

## JURY REQUEST

Plaintiff hereby requests a jury trial.

Dated at Portland, Maine this 26th day of December, 2019.

>**By: Nichols & Churchill, PA**
>
>/s/ Sarah A. Churchill
>Sarah A. Churchill, Esq.
>Maine Bar No. 9320
>Attorney for Plaintiff
>
>NICHOLS & CHURCHILL, PA
>1250 Forest Avenue
>Suite 10

Portland, ME 04103
(207)879-4000
schurchill@nicholschurchill.com